### DRUNKENNESS OF ITSELF NOT AN OFFENSE.

Common Pleas Court of Hamilton County.

JAMES HUGHES v. CITY OF CINCINNATI.

Decided, 1913.

*Criminal Law—Intoxication or Drunkenness Not an Offense Against Which a Municipality May Provide.*

Drunkenness or intoxication, except as the good order and quiet of a municipality is thereby disturbed, does not constitute an offense under Section 3664, General Code, for which punishment may be provided by ordinance.

*Darby & Benedict,* for plaintiff.
*Alfred Bettman,* City Solicitor, contra.

BROMWELL, J.

This case comes into this court on error to the police court of the city of Cincinnati. The plaintiff in error asks to have the judgment of that court reversed and that he be discharged from custody on the ground hereinafter set out.

The petition in error shows that he was arrested, tried, found guilty and sentenced upon a charge of "appearing in public in

a state of intoxication and drunkenness," as set out in the affidavit of the arresting officer. The recognizance was for the appearance of the plaintiff in error on a charge of "drunkenness." The entry of continuance defines the charge as "drunkenenss." The transcript of the proceedings on the appearance in the police court shows the same charge and that the plaintiff in error was found guilty as charged in the affidavit and warrant.

The section of the city ordinance under which these proceedings were had is No. 881, which, so far as it applies to this case, reads as follows:

"Section 881. * * * It shall be unlawful for any person to appear in public in a state of intoxication or drunkenness."

The plaintiff in error preserved his rights by motions to dismiss and quash the information and by demurrer thereto. The grounds relied upon for reversing the judgment of the lower court were:

1.  That the said court was without jurisdiction to hear and consider said affidavit and charge.

2.  That the facts stated in said affidavit and charge are not sufficient to constitute an offense against the city of Cincinnati.

3.  That the ordinance upon which said charge and affidavit are based is illegal, void and without the jurisdiction of council to pass.

4.  That the court erred in the overruling of the motions for a new trial and in arrest of judgment.

5.  Other reasons apparent upon the face of the record.

The same question has been presented in two different cases in this state, the first being that of *Jefferies* v. *Defiance,* 25 Bull., 68; and the other *In re Fitzsimmons,* 13 N.P.(N.S.), 104.

The municipal code (General Code, 3664) provides that:

"The council of a city or village shall have power to provide for the punishment of persons disturbing the good order and quiet of the corporation * * * by intoxication, drunkenness," etc.

Note that this section does not authorize council to pass an ordinance making intoxication or drunkenness an offense. What it does authorize is an ordinance providing for the punishment of persons disturbing the good order and quiet of the corporation by any of the means set out, among which are "intoxication, and drunkenness."

In the Jefferies case above referred to the court said:

"Under Section 2108, Revised Statutes of Ohio, it is not the simple act of being intoxicated that may be provided against by an ordinance, but it is only when such intoxication results in a disturbance of the good order and quiet of the corporation."

In the Fitzsimmons case the identical question on the same ordinance are we are now considering was passed upon by Judge Warner, of our insolvency court, in a *habeas corpus* proceeding, and he declared the ordinance invalid and discharged the prisoner.

As counsel for plaintiff in error aptly says in his brief, "It goes without saying that council can not assume to itself, nor exercise, powers not specifically granted; nor can it legislate upon a subject without legislative authority, nor exceed the legislative grant."

I am of opinion that as the ordinance in question is unauthorized in its present form, the police court has no jurisdiction to try the plaintiff in error and that its judgment and sentence should be reversed and the plaintiff in error discharged.